IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIMONE CRIBBS, | |
| Plaintiff, | 8:15-CV-313 |
| vs. | ORDER |
| ACCREDITED COLLECTION SERVICE, INC., AND BRUMBAUGH & QUANDAL, P.C., | |
| Defendants. | |

This matter is before the Court on the defendants' motion for permission to file their exhibits in opposition to summary judgment under seal (filing 38). The motion will be denied without prejudice.

Pursuant to NECivR 5.3, when a document contains confidential information that cannot be effectively redacted, a party may seek leave to file it as restricted. The party must (A) file a motion to restrict access, and (B) separately file the document under provisional restriction. NECivR 5.3(c)(1). The document will remain provisionally restricted until the Court rules on the motion to restrict access, at which time the Court may decide to maintain the restriction, lift it, strike it, or order the filing party to file a redacted version. NECivR 5.3(c)(1)(B) and (c)(2). A similar procedure is set forth for sealed documents—the difference is that a restricted document is available to the parties but not the public, and a docket entry noting a restricted document appears on the public docket sheet; while a sealed document is available only to the Court and the filing party, and no entry appears on the public docket sheet. *See* NECivR 7.5.[1]

In this case, the defendants filed a response brief (filing 34) and an "index of evidence" (filing 35) on May 31, 2016, in opposition to the plaintiff's motion for partial summary judgment (filing 29). The "index" represented that several exhibits were "[a]ttached separately and filed under seal." Filing 35. But no attachments were actually filed electronically, nor does the Clerk of the Court have any record of any physical exhibits being filed.

---

[1] For the defendants' future reference: in circumstances such as this, where the documents are simply represented to contain confidential information that should not be made available to the public, then restricted access, rather than a full "seal", is more appropriate.

Then, 2 weeks later, the instant motion to seal (filing 38) was filed, asking for leave to file the defendants' exhibits in opposition to summary judgment under seal. The motion represents that the defendants have filed the exhibits "as provisionally sealed documents" and delivered copies by hand to the plaintiff's counsel. Filing 38. But as stated above, no exhibits opposing summary judgment have been received by the Court.

The Court cannot grant the defendants' motion to seal, even in part, in the absence of any documents to restrict or seal. The Court will, therefore, deny the motion to seal, without prejudice. Perhaps more problematic for the defendants is that at this point, they have offered no evidence in opposition to summary judgment. It appears, however, that the evidence has at least been provided to the plaintiff's counsel. *See* filing 36. And the plaintiff's deadline to reply in support of her motion for summary judgment has been extended to July 1, 2016. *See* filing 37. Accordingly, the Court will permit the defendants to file their exhibits opposing summary judgment with the Court on or before June 22, 2016.

IT IS ORDERED:

1. The defendants' motion for permission to file their exhibits in opposition to summary judgment under seal (filing 38) is denied without prejudice.

2. The defendants may file their evidence opposing summary judgment on or before June 22, 2016.

Dated this 16th day of June, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge